**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4365**

DEMORIUS L. ANDERSON,

     Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry F. Floyd, District Judge. (6:10-cr-00907-HFF-2)

Submitted:  September 29, 2011   Decided:  October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demorius Lamar Anderson pled guilty to conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 922(g) (2006). The district court sentenced Anderson to a total of 248 months imprisonment, consisting of 188 months on the conspiracy charge and a mandatory consecutive 60 months on the firearm charge. Anderson's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Anderson's sentence was reasonable. Anderson filed a pro se supplemental brief challenging his sentence and asserting an entrapment defense. Finding no reversible error, we affirm.

Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Fed. R. Crim. P. 11 in accepting Anderson's guilty plea. The court ensured that Anderson understood the charges against him and the potential sentences he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). The entrapment claim Anderson asserts in his pro se brief is barred by his entry of a

2

valid guilty plea.  See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).  Accordingly, we affirm Anderson's convictions.

We have reviewed Anderson's sentence and find that it was properly calculated and that the sentence imposed was reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Anderson challenges on appeal the drug quantity attributed to him and the enhancement he received for his leadership role in the offense.  Because Anderson filed no objections to the presentence report and did not object at sentencing, he has waived appellate review of these issues absent plain error.  See United States v. Perkins, 108 F.3d 512, 516 (4th Cir. 1997).  A review of the presentence report and sentencing Guidelines reveals no plain error.

Moreover, the district court followed the necessary procedural steps in sentencing Anderson, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of Anderson's individual characteristics and history.  We reject Anderson's claim of sentence disparity and conclude that the district court did not abuse its discretion in imposing the chosen sentence, which was within the advisory Guidelines range.

3

See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED